# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OSG Intermediate Holdings, Inc.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 22-10719 (JTD)<br><br>Hearing Date: November 2, 2022 at 10:00 a.m. (ET)<br>Obj. Deadline: October 21, 2022 at 4:00 p.m. (ET) |

**FIRST AND FINAL APPLICATION OF BAYARD, P.A.
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD
FROM AUGUST 6, 2022 THROUGH AUGUST 31, 2022**

| | |
|---|---|
| **Applicant** | Bayard, P.A. |
| **Name of Client** | Debtors |
| **Time Period Covered by Application** | August 6, 2022 – August 31, 2022 |
| **Total Compensation Sought by Application** | $158,798.00 |
| **Total Expenses Sought by Application** | $2,109.26 |
| **Petition Date** | August 6, 2022 |
| **Date of Order Approving Employment** | September 7, 2022<br>(Effective as of August 6, 2022) |
| **Total Compensation Approved by Interim Order to Date** | $0.00 |
| **Total Expenses Approved by Interim Order to Date** | $0.00 |
| **Total Allowed Compensation Paid to Date** | $0.00 |
| **Total Allowed Expenses Paid to Date** | $0.00 |
| **Blended Rate in Application for All Attorneys** | $500.40 |

---

[1] The last four digits of the tax identification number of Reorganized Debtor OSG Intermediate Holdings, Inc. are 1288. The Reorganized Debtor's service address is 775 Washington Avenue, Carlstadt, NJ 07072. On September 22, 2022, the Court entered a final decree closing each of the chapter 11 cases for OSG Group Holdings, Inc. and its reorganized debtors other than OSG Intermediate Holdings, Inc.'s chapter 11 case. Commencing on September 23, 2022, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in OSG Intermediate Holdings, Inc.'s chapter 11 case, Case No. 22-10719 (JTD).

| | |
|---|---|
| **Blended Rate in Application for All Timekeepers** | $471.07 |
| **Compensation Sought in Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed** | $0.00 |
| **Expenses Sought in Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed** | $0.00 |
| **Number of Professionals Included in Application** | 5 Total Professionals (1 Director Attorney, 2 Associate Attorneys, 2 Paraprofessionals) |
| **Number of Professionals in Application Not Included in Staffing Plan Approved by Client** | N/A |
| **Difference Between Fees Budgeted and Compensation Sought in Application** | Bayard's fees and expenses are under budget for its budget period from August 6, 2022 through August 31, 2022 |
| **Number of Professionals Billing Fewer than 15 Hours** | 1 (1 Paraprofessional) |
| **Are Any Rates Higher Than Those Approved or Disclosed in Retention Application** | No |

This is Bayard's first and final fee application in these cases.

## Summary of Bayard Fee Statements

| Date & D.I. | Filing Period | Requested Fees | Requested Expenses | CNO I. D. & Date | Paid Fees | Paid Expenses | Total Unpaid |
|---|---|---|---|---|---|---|---|
| None | None | None | None | None | None | None | None |

## Timekeeper Summary

| | Attorneys | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Position** | **Description** | **Rate** | **Hours** | **Amount(s)** |
| Erin Fay | Director | Director since 2019. Joined firm in 2017. Member of DE Bar since 2009. Area of Expertise: Bankruptcy and Litigation. | $625.00 | 108.6 | $67,875.00 |
| Gregory J. Flasser | Associate | Associate since and joined firm in 2016. Member of DE Bar since 2015. Area of Expertise: Bankruptcy. | $475.00 | 105.8 | $50,255.00 |
| Maria Kotsiras | Associate | Associate since and joined form in 2021. Member of DE Bar since 2021. Area of Expertise: Bankruptcy | $350.00 | 72.1 | $25,235.00 |
| | | | **Totals** | **286.5** | **$143,365.00** |
| | | | **Blended Attorney Rate** | | **$500.40** |
| | Paraprofessionals | | | | |
| **Timekeeper** | **Position** | **Description** | **Rate(s)** | **Hours** | **Amount(s)** |
| Kristin McCloskey | Paralegal | Paralegal. Joined firm in 2020. Area of Expertise: Bankruptcy. | $305.00 | 43.3 | $13,206.50 |
| Rebecca Hudson | Paralegal | Paralegal. Joined firm in 2020. Area of Expertise: Bankruptcy. | $305.00 | 7.30 | $2,226.50 |
| | | | **Totals** | **50.6** | **$15,433.00** |
| | | | **Blended Paraprofessional Rate** | | **$305.00** |
| | | | **Blended Rate for All Timekeepers** | | **$471.07** |

## Project Category Summary by Task Code

| Project Category | Hours | Amount |
|---|---|---|
| Business Operations (BO) | 9.6 | $4,998.00 |
| Case Administration (CA) | 104.0 | $45,717.50 |
| Court Hearings (CH) | 50.5 | $21,611.00 |
| Constituent Inquiries (CI) | 5.5 | $3,052.50 |
| Cash Collateral and DIP Financing (CR) | 8.2 | $4,565.50 |
| Bayard Retention Application (EA1) | 4.7 | $2,210.50 |
| Other Professional Retention Applications (EA2) | 23.2 | $10,875.00 |
| Employee Matters (EB) | 2.4 | $1,254.00 |
| Lease/Executory Contracts (EC) | 8.8 | $4,702.50 |
| Bayard Fee Applications (F1) | 0.2 | $125.00 |
| Other Professional Fee Applications (F2) | 0.7 | $309.50 |
| Claims, Analysis, Objections and Resolutions (PC) | 10.4 | $5,166.50 |
| Plan (PL) | 102.5 | $50,375.50 |
| Statutory Committee and Committee Meetings (SC) | 0.3 | $172.50 |
| Trustee Reporting/Schedules (TR) | 5.8 | $3,475.00 |
| Utility Matters (UM) | 0.3 | $187.50 |
| **Totals** | **337.1** | **$158,798.00** |

## Expense Category Summary

| Expense Category | Amount |
|---|---|
| Computer Research | $63.21 |
| Filing Fees (District Court Pro Hac Filing Fees) | $100.00 |
| Outside Services- DLS (Pick up from Court) | $22.50 |
| Delivery Charges- DLS (Delivery to Court) | $29.00 |
| Outside Professional Services- Parcels (Printing/Download and Blowback) | $169.65 |
| Pacer Document Downloads | $719.90 |
| Print Images | $1,005.00 |
| **Total** | **$2,109.26** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OSG Intermediate Holdings, Inc.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 22-10719 (JTD)<br><br>Hearing Date: November 2, 2022 at 10:00 a.m. (ET)<br>Obj. Deadline: October 21, 2022 at 4:00 p.m. (ET) |

**FIRST AND FINAL APPLICATION OF BAYARD, P.A.
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD
FROM AUGUST 6, 2022 THROUGH AUGUST 31, 2022**

By this application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and using best efforts to comply with the *United States Trustee Program's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §§ 330 for Attorneys in Larger Chapter 11 Cases Filed* (the "UST Guidelines"), Bayard, P.A. ("Bayard") hereby seeks reasonable compensation in the above-captioned cases of OSG Intermediate Holdings, Inc. and its affiliated debtors and debtors in possession (formerly, the "Debtors," and as of September 22, 2022 the "Reorganized Debtor") for professional legal services rendered as co-counsel to the Debtors in the amount of $158,798.00 together with reimbursement for actual and necessary expenses incurred in the amount of $2,109.26 for the period commencing August 6, 2022,

---

[1] The last four digits of the tax identification number of Reorganized Debtor OSG Intermediate Holdings, Inc. are 1288. The Reorganized Debtor's service address is 775 Washington Avenue, Carlstadt, NJ 07072. On September 22, 2022, the Court entered a final decree closing each of the chapter 11 cases for OSG Group Holdings, Inc. and its reorganized debtors other than OSG Intermediate Holdings, Inc.'s chapter 11 case. Commencing on September 23, 2022, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in OSG Intermediate Holdings, Inc.'s chapter 11 case, Case No. 22-10719 (JTD).

through and including August 31, 2022 (the "Compensation Period"). In further support of this Application, Bayard respectfully represents as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court.

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code.

**Background**

4. On August 6, 2022, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events precipitating the filing of these cases is set forth in the *Declaration of Robert Del Genio of FTI Consulting, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 26].

6. On August 19, 2022, the Debtors filed the *Application of the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 327(A), 328, 330, and 1107 Authorizing*

*Employment and Retention of Bayard, P.A. as Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [D.I. 113] (the "<u>Retention Application</u>").

7. On September 7, 2022, the Court entered an order approving the Retention Application [D.I. 182].

8. On August 7, 2022, the Debtors filed the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of OSG Group Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 15] (the "<u>Disclosure Statement</u>").

9. On August 25, 2022, the Debtors filed the *Amended Joint Prepackaged Chapter 11 Plan of Reorganization of OSG Group Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 122] (the "<u>Plan</u>").[2]

10. On August 29, 2022, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Adequacy of the Disclosure Statement and (II) Confirming the Amended Joint Prepackaged Chapter 11 Plan of Reorganization of OSG Group Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Confirmation Order</u>") [D.I. 164], approving the Disclosure Statement as containing adequate information, confirming the Plan pursuant to section 1129 of the Bankruptcy Code, and approving all documents included in the Plan Supplement necessary to implement the Plan.

11. On August 31, 2022 (the "<u>Effective Date</u>"), the Plan went effective and was consummated. As a result of the Effective Date, the Debtors became the reorganized debtors.

12. On September 6, 2022, the Reorganized Debtor filed the *Reorganized Debtors' Motion Under 11 U.S.C. §§ 105(A) and 350(A), Fed. R. Bankr. P. 3022, and Del. Bankr. L.R. 3022-1 for Order and Final Decree Closing Chapter 11 Cases of Certain Reorganized Debtors*

---

[2] Capitalized terms not used but not otherwise defined herein shall have the meanings ascribed to them in the Confirmation Order or Plan, as applicable.

*and Waiving Requirement of Further Post-Confirmation Reports in Those Cases* [D.I. 180] (the "First Case Closing Motion").

13. On September 22, 2022, the Court entered the *Order and Final Decree Closing Chapter 11 Cases of Certain Reorganized Debtors and Waiving Requirement of Further Post-Confirmation Reports in Those Case* [D.I. 215], which closed the nineteen-affiliate chapter 11 cases other than the case of OSG Intermediate Holdings, Inc., Case No. 22-10719 (JTD). The reorganized debtors became the Reorganized Debtor.

### Relief Requested

14. Bayard submits this Application (i) for approval and payment of reasonable compensation for actual, reasonable, and necessary professional services performed by it as co-counsel for the Debtors during the Compensation Period and (b) for approval and reimbursement of actual, reasonable, and necessary expenses incurred by Bayard rendering professional services to the Debtors during the Compensation Period. All services for which Bayard requests compensation were performed for, or on behalf of, the Debtors. This Application is made pursuant to the provisions of sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules, and the UST Guidelines.

15. This Application is the first and final fee application filed by Bayard in these cases. In connection with the professional services rendered, by this Application Bayard seeks compensation incurred during the Compensation Period in the amount of $158,798.00 and reimbursement of actual, necessary expenses of $2,109.26 incurred during the Compensation Period.

16. Attached hereto as Exhibit A is a detailed statement of hours Bayard professionals spent rendering legal services to the Debtors, supporting Bayard's request of $158,798.00 in compensation for fees incurred during the Compensation Period (the "Invoice"). The Invoice

contains detailed time entries for each timekeeper included in this Application. As has been Bayard's practice, the Invoice is arranged by Bayard's internal project categories, descriptions of which follow:

> Business Operations – During the Compensation Period, Bayard, among other things, incurred time corresponding with professionals and co-counsel regarding vendor and other operational issues; preparing, review and filing various motions such as cash management, critical vendors and insurance.
>
> Total Hours: 9.6; Total Fees: $4,998.00
>
> Case Administration – During the Compensation Period, Bayard, among other things, incurred time facilitating the filing of first day various notices and motions; corresponding with various parties regarding case updates.
>
> Total Hours: 104.0; Total Fees: $45,717.50
>
> Court Hearings – Bayard incurred time drafting and reviewing hearing agendas, preparing for hearings, corresponding about hearings, and attending the same.
>
> Total Hours: 50.50; Total Fees: $26,611.00
>
> Constituent Inquires – During the Compensation Period, Bayard incurred time corresponding with creditors and other interested parties about various issues including the Debtors' bankruptcy cases.
>
> Total Hours: 5.50; Total Fees: 3,052.50
>
> Cash Collateral/DIP Financing – During the Compensation Period, Bayard incurred time reviewing, filing and commenting on various financing documents, orders, and pleadings, research regarding the same, and corresponding with various parties about same.
>
> Total Hours: 8.2; Total Fees: $4,565.50
>
> Bayard Retention Application – Bayard professionals expended time drafting, reviewing, and revising its Retention Application, and corresponding with the Office of the United States Trustee (the "UST") regarding the Retention Application and related revisions to the order approving the same.
>
> Total Hours: 4.7; Total Fees: $2,210.50

Other Professional Retention Applications – Bayard, among other things, incurred time reviewing and commenting on the retention applications filed by the Debtors' professionals, researching various retention issues, and preparing, reviewing and filing the retention applications of the other professionals. Bayard also assisted with reviewing and resolving the UST's comments and questions regarding such applications.

> Total Hours: 23.2; Total Fees: 10,875.00

Employee Matters – Bayard incurred time preparing and filing the Debtors' wage motion, preparing for hearings regarding the same, and various other issues related to the Debtors' employees.

> Total Hours: 2.4; Total Fees: $1,254.00

Lease/Executory Contracts – Bayard incurred time reviewing and researching lease rejection issues; reviewing and revising pleadings regarding the same; and communicating with other Debtor professionals regarding the same.

> Total Hours: 8.8; Total Fees: $4,702.50

Bayard Fee Applications – During the Compensation Period, Bayard incurred time corresponding regarding fee estimate.

> Total Hours: 0.2; Total Fees: $125.00

Other Professional Fee Applications – During the Compensation Period, Bayard incurred time corresponding with professionals regarding their respective fee applications.

> Total Hours: 0.7; Total Fees: $309.50

Claims Analysis, Objections and Resolutions – Bayard incurred time reviewing and commenting on the critical vendor motion, the foreign vendor motion, and various lien notices and stipulations of claims; and corresponding with Debtor and claimant professionals regarding same.

> Total Hours: 10.4; Total Fees: $5,166.50

Plan – During the Compensation Period, Bayard incurred time researching and reviewing issues related to the prepackaged plan, reviewing and filing plan documents, and corresponding with various parties regarding same.

> Total Hours: 102.5; Total Fees: $50,375.50

Statutory Committee and Committee Meetings – Bayard incurred time corresponding with UST regarding committee formation and the related questionnaire.

> Total Hours: 0.3; Total Fees: $172.50

6

<u>Trustee Reporting</u> – Bayard incurred time reviewing and corresponding with co-counsel and UST regarding IDI documents; reviewing and compiling same; and preparing for and attending the IDI.

    Total Hours: 5.8; Total Fees: 3,475.00

<u>Utility Matters</u> – During the Compensation Period, Bayard incurred time reviewing revised utilities order and email with co-counsel regarding the same.

    Total Hours: 0.3; Total Fees: $187.50

17. Also included in the Invoice attached hereto as <u>Exhibit A</u> is a breakdown of the hours billed and fees requested for services Bayard rendered to the Debtors arranged by project category and a summary report reflecting the hours spent and amount of compensation requested for each Bayard professional for each project category

18. Attached hereto as <u>Exhibit B</u> is a detailed list of expenses supporting Bayard's request of $2,109.26 in expense reimbursement for the Compensation Period.

19. Given the nature and value of the services that Bayard provided to the Debtors as described herein, the amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

20. Bayard has received no payment and no promises for payment from any source for services rendered in connection with these cases other than those in accordance with the Bankruptcy Rules. There is no agreement or understanding between Bayard and any other person (other than members of Bayard) for the sharing of compensation to be received for the services rendered in these cases.

**Certification and UST Guidelines Disclosures**

21. Pursuant to Local Rule 2016-2, Bayard represents as follows with regard to its charges for actual and necessary costs and expenses during the Interim and Final Compensation Period:

(a) Copy, scanning and printing charges are $.10 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, outside service costs, acquisition, maintenance, storage and operation of copy machines, printers and copy center, together with a margin for recovery of lost expenditures.

(b) Incoming facsimiles are not billed.

(c) Out-going facsimiles are billed at the rate of $0.25 per page. The cost represents operator time, maintaining several dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of lost expenditures. Toll telephone charges are not billed.

22. Pursuant to section C.3 of the UST Guidelines, Bayard's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Bayard's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. By way of example, Bayard's blended hourly rates for timekeepers included in this Application, compared to the blended rates for Bayard's non-bankruptcy timekeepers for Bayard's preceding calendar year, is attached hereto as <u>Exhibit C</u>.

23. Pursuant to section C.5 of the UST Guidelines, Bayard hereby makes the following disclosures:

| | |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No. |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher than 10% or more, did you discuss the reasons for the variation with the client? | Not Applicable. |

| | |
|---|---|
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No. |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No. |
| Does the fee application include time for fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees. | No. |
| If the fee application includes any rate increases since retention:<br>(a) Did your client review and approve those rate increases in advance?<br>(b) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | Not Applicable. |

24. As indicated in the Retention Application, Bayard agreed to use best efforts to comply with the UST Guidelines. Consistent with section C.6 of the UST Guidelines, attached hereto as Exhibit D is a copy of Bayard's budget and staffing report covering the time period between August 6, 2022 through August 31, 2022 (the "Budget and Staffing Report"). Throughout Bayard's engagement, the Debtors have been fully informed, provided input and approval, and were aware of the actions taken by Bayard and the Debtors' other professionals. A chart comparing the total hours spent and hours budgeted for each task code for the Compensation Period is attached hereto as Exhibit E.

9

**Basis for Relief**

25. The applicable standard for compensation of professionals is set forth in section 330(a) of the Bankruptcy Code which provides that a bankruptcy court may award to a professional person employed under sections 327 or 1103 "reasonable compensation for actual, necessary services rendered by [such] . . . attorney . . . and reimbursement of actual, necessary expenses." 11 U.S.C. § 330(a). Further, section 330 provides certain guidelines for the Court to consider with respect to the amount of compensation to be awarded, which include:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in this bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

26. Professional services rendered by Bayard during these cases have been itemized by professional, noting each professional's rate and number of hours. A detailed listing of such services provided during the Compensation Period is attached hereto as <u>Exhibit A</u> and a detail of the expenses incurred during the Compensation Period is attached hereto as <u>Exhibit B</u>. Additionally, the qualifications of the Bayard professionals who have been primarily responsible for the provision of services in these cases were included with Bayard's retention application. In

performing services for the Debtors, Bayard took into account both the hourly rate of the attorney providing the service, and the relative skill of the particular attorney as it related to the required tasks. By utilizing those most skilled in a particular area, Bayard was able to provide efficient and effective representation to the Debtors.

A.  **Reasonableness of Compensation Requested**

27. Bayard believes that the hourly rates charged for its partners, associates, and paralegals are reasonable and competitive with the hourly rates charged by law firms of comparable size and quality with similar expertise and levels of experience as Bayard. The hourly rate of each professional who rendered services in connection with these cases during the Compensation Period is set forth above.

28. Based upon the factors considered pursuant to Bankruptcy Code sections 330 and 331, the quality of the services provided, and the results that were achieved, allowance of the amounts requested is appropriate. Because Bayard's fees and expenses are comparable to those incurred by counsel to similarly-situated debtors in cases involving issues of commensurate complexity, Bayard's fees are "reasonable" and should be allowed in the amounts set forth herein.

B.  **Novelty and Difficult of Legal Questions/Skill Requisite to Performing Legal Services**

29. The Debtors' capital structure, the nature of their operations, and the time-sensitive nature of the Debtors' cases and the speed at which they progressed to confirmation of a plan of reorganization required Bayard to assist the Debtors in evaluating several difficult factual and legal issues in connection with the Debtors' cases. Further, there can be no dispute that Bayard's attorneys devoted significant effort to the Debtors' affairs, as shown by the detailed time entries included in Exhibit A.

**C.     Experience, Reputation, and Ability of Attorneys**

30.     Bayard has an excellent reputation based upon its experienced and capable group of professionals.  Indeed, Bayard was selected as co-counsel to the Debtors due to the experience and expertise of its attorneys in the areas of bankruptcy law, transactions, and other areas directly affecting these cases and the Debtors.  The primary Bayard attorneys that represented the Debtors have years of experience and are well recognized as accomplished professionals in their field.  Further, the primary attorneys providing services to the Debtors are each highly educated, skilled, and accomplished bankruptcy and corporate professionals.

31.     In summary, all the professional services rendered on the Debtors' behalf were performed by attorneys with a high level of skill in the areas for which they were employed. Such experience and expertise enabled Bayard to represent the Debtors as its co-counsel in an efficient manner.

**Certification and Notice**

32.     The undersigned has reviewed the requirements of Local Rule 2016-2, and certifies that this Application and the Exhibits attached hereto comply therewith and a copy of this Application has been sent to the appropriate notice parties.

33.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the size and nature of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

WHEREFORE, Bayard requests final approval of $158,798.00 as the total compensation for professional services rendered during the Compensation Period, and the sum of $2,109.26 for

reimbursement of actual and necessary costs and expenses incurred by Bayard during the Compensation Period in these cases from August 6, 2022 through August 31, 2022.

Dated: October 7, 2022  
       Wilmington, Delaware

**BAYARD, P.A.**

<u>/s/ Erin R. Fay</u>
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
Maria Kotsiras (No. 6840)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail: efay@bayardlaw.com
         gflasser@bayardlaw.com
         mkotsiras@bayardlaw.com

*Counsel to the Reorganized Debtor*